UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ATKINS, #742687,

        Plaintiff,

v.

J. FAIR, et al.,

        Defendants.

Hon. Jane M. Beckering

Case No. 1:22-cv-910

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (ECF No. 36).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this action against several Michigan Department of Corrections (MDOC) officials.   (ECF No. 1).   Most of Plaintiff's claims, however, were dismissed on screening.   (ECF No. 16-17).   One of the remaining claims is an Eighth Amendment claim against Defendant Fair.   Specifically, Plaintiff alleges that Defendant Fair grabbed his testicles.   Plaintiff now moves the Court to issue an Order "referring Defendant Fair to the Michigan State Police (MSP) and the U.S. Marshalls (sic) for 'criminal prosecution' for sexual assault under [state and federal law]."

-1-

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).  Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced.  *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997).  Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs heavily against Plaintiff's request. Plaintiff requests that Defendant Fair be criminally prosecuted for sexual assault. Plaintiff is currently pursuing a civil claim for damages arising from this alleged assault. Thus, Plaintiff cannot demonstrate that he will suffer, in the absence of the requested relief, an injury for which he lacks an adequate legal remedy.  Plaintiff also lacks the

authority to initiate or compel criminal proceedings.  *See, e.g., Martin v. Koljonen*, 89 Fed. Appx. 567, 568 (6th Cir., Mar. 9, 2004) ("[p]rivate citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another").  Moreover, Plaintiff has failed to demonstrate that he is likely to prevail on any claim concerning his allegations.  Finally, Plaintiff's request is contrary to the public interest as there exist appropriate avenues for relief which Plaintiff can pursue if he believes criminal charges against Defendant are appropriate.  Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction (ECF No. 36) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 28, 2023                     /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge