UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ATKINS, #742687,

        Plaintiff,                           Hon. Jane M. Beckering

v.                                        Case No. 1:22-cv-910

J. FAIR, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 33), and Plaintiff's Motion for Summary Judgment, (ECF No. 38). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and Plaintiff's motion be denied.

**BACKGROUND**

    Plaintiff initiated this action against several Michigan Department of Corrections (MDOC) officials. (ECF No. 1). Most of Plaintiff's claims, however, were dismissed on screening. (ECF No. 16-17). With respect to his remaining claims, Plaintiff alleges the following.

    On an unspecified day in November 2019, Corrections Officer J. Fair "entered Plaintiff's cell, grabbed and squeeze[d] Plaintiff's testicles, and put a knife to Plaintiff's neck." Fair told Plaintiff that he "won't be safe if he files a lawsuit against [him], or his

-1-

concubines [D.] Hoffman and Elisia Hardiman."  Plaintiff's subsequent request to be placed in protective custody was denied by Prison Counselors D. Hoffman and Jacob Erickson.  When Plaintiff replied that he would sue them, Hoffman and Erickson ordered that Plaintiff be moved to a cell with a sexual predator.  Shortly thereafter, Corrections Officers Unknown Ward and Unknown Demenov "confiscated and destroyed Plaintiff's legal papers and Nation of Islam materials."

Plaintiff alleges that Defendant Fair violated his Eighth Amendment rights. Plaintiff alleges that Defendants Hoffman, Erickson, Ward, and Demenov subjected him to unlawful retaliation in violation of his First Amendment rights.  Defendants Hoffman, Erickson, Ward, and Demenov now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.  Plaintiff responded to Defendants' motion by filing his own motion for summary judgment. The Court finds that oral argument is unnecessary.  *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."  *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no

evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether

the evidence is so one-sided that the moving parties should prevail as a matter of law."

*Harden*, 993 F.3d 465 at 474.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.   *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   This obligation only extends, however, to such administrative remedies as are available.   *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."   *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

-4-

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id*.).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants Hoffman, Erickson, Ward, and Demenov have submitted evidence that Plaintiff failed to pursue through Step III any grievance regarding his retaliation claims.   (ECF No. 34 at PageID.174-92; ECF No. 42 at

-5-

PageID.223-26).    In response, Plaintiff does not dispute that he failed to pursue a grievance regarding these claims through all three steps of the grievance process. Instead, Plaintiff argues that his failure in this regard should be overlooked because the grievance process was "unavailable."    Specifically, Plaintiff asserts that the Grievance Coordinator "never responded to" his Step I grievances and "never granted [his] written request for Step II and Step III grievance forms."

Plaintiff is correct that he need only exhaust such administrative remedies as are available.    *See, e.g., Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").    As the Court recognized, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," the remedy in question is unavailable for purposes of the PLRA.    *Id.* at 641-45.    The shortcoming with Plaintiff's argument, however, is that he has failed to present evidence sufficient to create a genuine factual dispute that the grievance process was unavailable.

In response to Defendants' motion, and in support of his own motion, Plaintiff has submitted no evidence.    Instead, Plaintiff relies on the factual assertions in his verified complaint.    Plaintiff may rely on the assertions in a verified complaint when responding to a motion for summary judgment.    *See, e.g., White v. Erdos*, 2022 WL 517273 at *2 (6th Cir., Jan. 26, 2022).    The allegations in Plaintiff's verified complaint, however, are insufficient to create a genuine dispute of material fact on the question of exhaustion.

As the Sixth Circuit has observed, vague and unspecific statements that the Grievance Coordinator failed to process a grievance or failed to respond to requests for grievance forms is insufficient to create a genuine dispute of fact as to whether the grievance process was available.  *See, e.g., Belser v. James*, 2017 WL 5479595 at *2 (6th Cir., June 6, 2017); *Smith v. Brock*, 2023 WL 3871923 at *5 (W.D. Mich., Mar. 16, 2023) (prisoner's vague allegation that prison officials "destroyed" his grievances is insufficient to create a factual dispute where prisoner "does not state when he wrote the grievances, nor does he provide any information as to what they concerned").

In his complaint, Plaintiff offers nothing more than vague, conclusory statements that his grievances were not processed or that the Grievance Coordinator failed to provide him with a grievance form.  Plaintiff offers no facts regarding the content of such grievances, against whom such were asserted, or when such grievances were allegedly submitted.  Plaintiff likewise offers no facts concerning when he requested grievance forms or what allegations he sought to pursue via such grievances.  Because Plaintiff's vague, conclusory allegations are insufficient to create a genuine factual dispute on the issue of exhaustion, the undersigned finds that Defendants have satisfied their burden in this matter and, therefore, recommends that Defendants' motion be granted and Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants'

Motion for Summary Judgment (ECF No. 33) be granted, and Plaintiff's Motion for

Summary Judgment (ECF No. 38) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk

of Court within fourteen days of the date of service of this notice.    28 U.S.C.

§ 636(b)(1)(C).    Failure to file objections within the specified time waives the right to

appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United*

*States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 29, 2023                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge