UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ATKINS, #742687,

             Plaintiff,                            Hon. Jane M. Beckering

v.                                       Case No. 1:22-cv-910

J. FAIR, et al.,

             Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 59). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against several Michigan Department of Corrections (MDOC) officials. (ECF No. 1). Plaintiff's claims, save his claim against Defendant Joshua Fair, have previously been dismissed. (ECF No. 16-17, 47, 49). With respect to Defendant Fair, Plaintiff alleges the following.

On an unspecified day in November 2019, Fair "entered Plaintiff's cell, grabbed and squeeze[d] Plaintiff's testicles, and put a knife to Plaintiff's neck." Fair told Plaintiff that he "won't be safe if he files a lawsuit against [him], or his concubines." Plaintiff alleges that Defendant Fair violated his Eighth Amendment rights.

-1-

Defendant Fair now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR. 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving

party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Claims alleging the excessive use of force have both a subjective and an objective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Ibid.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court has observed:

When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated. . .whether or not significant injury is evident.   Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry.   [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation.   The extent of injury may also provide some indication of the amount of force applied.   As we stated in *Hudson*, not every malevolent touch by a prison guard gives rise to a federal cause of action.   The Eighth Amendment=s prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.   An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.

Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.   An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

In his compliant, Plaintiff alleges that Defendant Fair "grabbed and squeeze[d]" his testicles and threatened him with a knife.   In support of his motion for summary judgment, Defendant Fair has submitted an affidavit in which he asserts that he never grabbed or squeezed Plaintiff's testicles and never threatened Plaintiff with a knife. (ECF No. 60-5, PageID.383-85).   Plaintiff has failed to respond to the present motion and, therefore, has failed to present any evidence refuting that submitted by Defendant Fair.   Thus, Plaintiff cannot establish any of the elements of his claim identified above. As such, Defendant Fair is entitled to summary judgment.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 59) be granted and this matter terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: August 26, 2024                           /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge